SUPPLY MANAGEMENT

UNITED STATES POSTAL SERVICE

March 31, 2008

Mr. Anthony Veltri
President
Veltri, Inc.
1961 Hartel Street
Levittown, PA 19057-4505

RE: Supplier Disagreement Resolution Case No. SDR08MT-05
Solicitation Nos. 150-313-07 and 150-311-07

Dear Mr. Veltri:

Your letter of February 20 presented a disagreement as defined in 39 CFR Part 601, on behalf of Veltri, Inc. (Veltri) with respect to the above referenced solicitations. You request that the Postal Service terminate the contracts awarded to Eagle Express (Eagle) and that the Postal Service evaluate the offers it received under the procedures set out in the solicitation.

According to your disagreement, Veltri responded to the above-referenced solicitations, which sought offers for Highway Contract Route (HCR) transportation service between the Southeastern Processing & Distribution Center (P&DC), the Lehigh Valley P&DC, and the New York Surface Transfer Center. This solicitation was conducted as an on-line electronic auction, hosted by Global eProcure, and the documents compromising the solicitation were available only through the host's web site. These documents included the HCR schedule information, applicable wage rates, Fuel Management Program document, and the Terms and Conditions. On August 31, 2007, Veltri participated in the auction and when the auction closed, you contend that you submitted the lowest offer on both routes. You further offered that the on-line auction only allowed suppliers the opportunity to submit offers on the annual fixed-price for the routes and did not permit suppliers to include the maximum number of gallons of fuel they would require to complete the routes. After the auction, the results were posted on the host's web site and the results verified that Veltri's offer for both routes were the lowest. Soon thereafter, the Contracting Officer contacted Veltri and requested a completed *USPS Highway Transportation Contract Worksheet–Cost Worksheet* (Form 7468-A).

You contend that the Postal Service violated the solicitation's evaluation criteria by using the estimated gallons per year information in Form 7468-A to evaluate proposed prices and concluded that as a result the Postal Service did not receive the best value. Based on the information contained in the contract file, I agree.

Provision 3.1.2 (Evaluation Information – Addendum to Provision 4-1) of the solicitation states that the award will be made on several factors including the following:

A. Price Specific

(2)(b) The information provided on *your Form 7468-A will not be used to evaluate the price you have proposed.* This is a competitive, negotiated procurement, and award will be made based on price and other factors (if any) set out in Section 3.1.3 of this

475 L'ENFANT PLAZA SW
WASHINGTON DC 20260-
202-268-5805
FAX: 202-268-6234

-2-

document. However, the information provided on the Form 7468-A will establish the base from which the rate of compensation may be adjusted during the term of any contract. Failure to submit a satisfactory completed Form 7468-A may prevent such adjustments.

The Contracting Officer contends that the lot descriptions in the on-line solicitation documents stated that fuel gallons would be requested at the end of the solicitation and that a completed fuel purchase plan was also required. The Contracting Officer further states that Veltri did not provide a fuel purchase plan and rather than reject Veltri's offer due to its noncompliance, he obtained the data from Veltri's Form 7468-A.[1] While the Contracting Officer is correct that the solicitation documents would be required, the intent and use of this information was not made clear within the Solicitation. For instance, the Preview Auction screen provided the following instruction in the lot description for both HCRs, "*Offers should be annual. Fuel gallons will be request(sic) at the end of the solicitation.*" Also, the sole reference to a fuel purchase plan is in solicitation Provision 3.1.2.A. (2)(e) and does not state that a plan is required, but rather refers the reader to Section 4 of the solicitation which contains a list of attachments, none of which are listed as a Fuel Purchase Plan. However, Attachment E contains the Postal Service's Fuel Management Program which is referred to in Clause 2.2.8.(a), Fuel Cost Management Clause. A review of the Fuel Management Program indicates that it does not reference a Fuel Purchase Plan, but rather refers to a *Fuel Purchase Form* (Form HC131). Reading further in the Fuel Management Program under a section entitled "Determining Contract Baseline Fuel Price per Gallon – Awards," we read at last that:

> When electronic sourcing is used to submit proposals for awards, the same projected fuel price per gallon will be used to evaluate all offers. This projected fuel price will be applied to the gallons proposed by the offeror to arrive at the fuel cost for evaluation. The quarterly DOE Regional Fuel Index will be uploaded to the electronic sourcing system and attached to the procurement event. The Quarterly DOE Regional Fuel Index will provide offerors with the prices that will be used by the Contracting Officer during proposal evaluation.
>
> At the direction of the Contracting Officer, the offeror will electronically (i.e., email or fax) submit a completed Fuel Purchase Form. All offers must include the total estimated fuel costs (i.e., number of anticipated gallons multiplied by the estimated price per gallon). The estimated price per gallon should be taken from the Quarterly DOE Regional Fuel Index.
>
> The Contracting Officer will evaluate all offers based upon the number of gallons provided by the offer in its proposal and applying the price per gallon as prescribed by the Quarterly DOE Regional Fuel Index.

Notwithstanding this provision that the Contracting Officer would direct offerors to submit a completed Fuel Purchase Plan for evaluation, upon inquiry, the Contracting Officer stated that he never requested a completed *Fuel Purchase Form*, (Form HC131), as referenced in the solicitation's attached Fuel Management Program. Rather, he only requested the *USPS Highway Transportation Contract Worksheet – Cost Worksheet* (Form 7468-A) and then proceeded to use the information contained in that form to evaluate the prices including the calculated fuel adjustment, contrary to the clear language in Provision 3.1.2.A.(2)(b). Notwithstanding the Contracting Officer's position, it was unclear as to what was being evaluated and as a consequence, Veltri, as well as other offerors, was prejudiced by the manner in which the best value award was made to Eagle.

---

[1] I note that the contract awardee, Eagle Express, did not submit a fuel purchase plan either.

Based on my review of the disagreement as well as the additional information you provided, the contracting officer's contract file, and my discussion with the Postal Service's Manager of Surface Transportation Category Management Center (CMC), I have determined that the Postal Service did not evaluate the offers in accordance with the solicitation's stated evaluation criteria and therefore the award to Eagle did not necessarily represent the best value for the Postal Service. While the terms of the Solicitation are not a model of clarity, it is clear that the price evaluation was to include the proposed annual rate as well as the estimated fuel costs, but was not to include an evaluation of any information provided on the *USPS Highway Transportation Contract Worksheet – Cost Worksheet* (Form 7468-A).[2]

I find that the evaluation of offers was not performed in accordance with the terms of the solicitation and as such raised significant concerns about whether the Postal Service received the best value in this instance, and these concerns were not eliminated during my review of the facts relating to this purchase. Therefore, I have decided that the Contracting Officer must promptly allow the four offerors to submit a best and final offer, which includes fuel gallons, on HCRs 194M3, 194M2-A and 194M2-B, which is consistent with the solicitation's stated evaluation criteria to determine best value for the Postal Service. The current contract with Eagle may continue, but not longer than 30 days, until a proper evaluation has been conducted on the best and final offers.

This is the Postal Service's final decision on this disagreement regarding HCRs 194M3, 194M2-A and 194M2-B under 39 CFR 601.108(g).

Sincerely,

Pete Deider, C.P.M.
USPS Supplier Disagreement Resolution Official

cc: Keith Harris, CPM, Contracting Officer

---

[2] Although the Contracting Officer alleges no one was prejudiced by the utilization of the estimated fuel from the *USPS Highway Transportation Contract Worksheet – Cost Worksheet* (Form 7468-A) rather than requiring submission of a Fuel Purchase Plan (Form HC131) to determine the estimated fuel costs, it is not necessarily true. Had a the Contracting Officer required the submission of a Fuel Purchase Plan (Form HC131), offerors would have been alerted to the language in Attachment E that fuel costs would be evaluated. As Veltri points out in its letter of disagreement, it could have submitted a revised fuel gallon estimate.