**REDACTED VERSION**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | | |
|---|---|---|
| JEM TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-428C |
| v. | ) | (**Judge George W. Miller**) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT'S MOTION TO DISMISS**

---

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DEBORAH A. BYNUM
Assistant Director

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 353-7972
Fax: (202) 514-8640
John.Roberson@usdoj.gov

Attorneys for Defendant

Of Counsel:

MICHELLE A. WINDMUELLER
Appellate Attorney
United States Postal Service
Office of General Counsel
475 L'Enfant Plaza SW, Room 6403
Washington, D.C. 20260
Tel: (202) 268-2064
Fax: (202) 268-2049
Michelle.A.Windmueller@usps.gov

July 17, 2008

**Protected Information To Be Disclosed Only In Accordance With The United States Court Of Federal Claims Protective Order**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . iii

DEFENDANT'S MOTION TO DISMISS. . . . . 1

STATEMENT OF THE ISSUE.. . . . . 1

INTRODUCTION. . . . . 1

STATEMENT OF THE CASE. . . . . 3

I. The Postal Service's Solicitation And Award Of The Contract. . . . . 3

A. The Solicitation. . . . . 3

B. The Contracting Officer's Determination That JEM Was Incapable And The Award Of The Contract To MLM.. . . . . 5

II. JEM's Protest.. . . . . 6

III. The Postal Service's Termination With Notice And Upcoming Resolicitation. . . . . 7

ARGUMENT.. . . . . 8

I. Standard Of Review.. . . . . 8

A. Limited Review Of Post-Award Bid Protests. . . . . 8

B. Mootness. . . . . 8

II. JEM's Complaint Should Be Dismissed. . . . . 9

A. The Claims Raised In JEM's Complaint Are Now Moot. . . . . 9

1. JEM's Request For The Suspension And Termination Of The Contract Is Moot. . . . . 10

2. JEM's Request For Declaratory Relief Fails Because The Court Is Not Empowered To Offer Hypothetical Opinions Without Practical Effect.. . . . . 10

3. JEM's Request For Injunctive Relief Is Moot. . . . . . . . . . . . . . . . . 10

4. JEM Has No Cognizable Claim For Attorney Fees And Bid Proposal Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

a. JEM Has No Cognizable Claim For Bid Proposal Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

b. JEM Has No Cognizable Claim For Attorneys Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B. JEM's Complaint Should Be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## CASES

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d 1234 (Fed. Cir. 2002). . . . . . . . . . 11

Bannum, Inc. v. United States,
56 Fed. Cl. 453 (2003). . . . . . . . . . 11

Buckhannon Bd. and Care Home Inc. v.
W. Virginia Dep't of Health and Human Resources,
532 U.S. 598 (2001). . . . . . . . . . 14, 15

CACI Field Serv., Inc. v. United States,
13 Cl. Ct. 718 (1987), aff'd, 854 F.2d 464 (Fed. Cir. 1988) (table). . . . . . . . . . 8

CCL Service Corp. v. United States,
43 Fed. Cl. 680 (1999). . . . . . . . . . 10, 11, 12, 13

CW Government Travel, Inc. v. United States,
46 Fed. Cl. 554 (2000). . . . . . . . . . 12

Chapman Law Firm Co. v. United States,
490 F.3d 934 (Fed. Cir. 2007). . . . . . . . . . passim

Deakins v. Monaghan,
484 U.S. 193 (1988).. . . . . . . . . . 17

Durable Metals Prods., Inc. v. United States,
27 Fed. Cl. 472, aff'd, 11 F.3d 1071 (Fed. Cir. 1993) (table).. . . . . . . . . . 13

Fina Oil & Chemical Co. v. Ewen,
123 F.3d 1466 (Fed. Cir. 1997). . . . . . . . . . 8

Fox v. United States,
No. 08-465C, Order (July 3, 2008). . . . . . . . . . 17

Kalvar Corp. v. United States,
211 Ct. Cl. 192, 543 F.2d 1298 (Ct. Cl. 1976). . . . . . . . . . 11

LABAT-Anderson, Inc. v. United States,
65 Fed. Cl. 570 (2005). . . . . . . . . . 10, 11

Lewis v. Continental Bank Corp.,
494 U.S. 472 (1990). . . . . . . . . . 14

Lion Raisins, Inc. v. United States,
69 Fed. Cl. 32 (2005). . . . . . . . . . 9, 13

Melkonyan v. Sullivan,
501 U.S. 89 (1991). . . . . . . . . . 16

NFK Eng'g, Inc. v. United States,
805 F.2d 372 (Fed. Cir. 1986). . . . . . . . . . 8

Northrop Corp. v. United States,
27 Fed. Cl. 795 (1993). . . . . . . . . . 10

PGBA, LLC v. United States,
389 F.3d 1219 (Fed. Cir. 2004). . . . . . . . . . 10

Powell v. McCormack,
395 U.S. 486 (1969). . . . . . . . . . 8, 9

PRC, Inc. v. Widnall,
64 F.3d 644 (Fed. Cir. 1995). . . . . . . . . . 14

Prineville Sawmill Co., Inc. v. United States,
859 F.2d 905 (Fed. Cir. 1988). . . . . . . . . . 8

RADVA Corp. v. United States,
17 Cl. Ct. 812 (1989), aff'd, 914 F.2d 271 (Fed. Cir.1990) (table). . . . . . . . . . 8

Rice Servs., Ltd. v. United States,
405 F.3d 1017 (Fed. Cir. 2005). . . . . . . . . . 9, 14, 15, 16, 17

Ryan v. United States,
71 Fed. Cl. 740 (2006). . . . . . . . . . 8, 9

Ryan v. United States,
75 Fed. Cl. 769 (2007). . . . . . . . . . 14, 15

S.K.J & Assoc., Inc. v. United States,
67 Fed. Cl. 218 (2005). . . . . . . . . . 13

Spehr v. United States,
51 Fed. Cl. 69 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

T&M Distributors, Inc, v. United States,
185 F.3d 1279 (Fed. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES AND REGULATIONS**

28 U.S.C. § 1491(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 2412(d)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

39 C.F.R. § 601.108(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**FEDERAL RULES**

RCFC 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | | |
|---|---|---|
| JEM TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-428C |
| v. | ) | (**Judge George W. Miller**) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), and the Court's order dated July 10, 2008, defendant, the United States, respectfully requests that this Court dismiss the complaint filed by plaintiff, JEM Transport, Inc. ("JEM"), because its challenge to the award of a United States Postal Service ("Postal Service") contract has been rendered moot in light of the Postal Service's voluntary termination of the contract and pending resolicitation of the contract.

**STATEMENT OF THE ISSUE**

1. Whether the Postal Service's voluntary termination of the contract and resolicitation of the contract renders plaintiff's action moot.

**INTRODUCTION**

In November 2007, the Postal Service solicited bids for a contract to transport mail between West Palm Beach, Florida, and Miami, Florida. [redacted] parties, including JEM, bid for the contract. At the conclusion of the bid evaluation process, the Postal Service awarded the contract to MLM Trucking, Inc. ("MLM"), the supplier the contracting officer believed offered the best value. Although JEM [redacted], [redacted]

[redacted]. Moreover, the contracting officer determined that JEM's [redacted]. As a result, the contracting officer concluded that JEM was [redacted] of the trucking service, and, [redacted] he rejected JEM's bid.

JEM protested the award of the contract to MLM through the Postal Service's internal disagreement resolution procedures. The Postal Service, however, sustained the decision of the contracting officer. JEM then filed suit in this Court.

Soon thereafter, the Postal Service determined that it would terminate the existing contract with MLM with notice – as it is entitled to do – and resolicit the contract, permitting all interested parties, including JEM, to rebid for the contract. The Postal Service's unilateral and voluntary action moots JEM's bid protest.

First, the primary direct relief sought by JEM – that the Postal Service suspend and terminate the MLM contract within 60 days – is now moot.

Second, JEM's request for declaratory relief – that the Court declare that the award to MLM was improper – amounts to nothing more than a request for an academic pronouncement in the absence of an existing case or controversy. This Court is not empowered to issue such pronouncements.

Third, JEM's request for injunctive relief – that the Court require the Postal Service to reevaluate JEM's bid for the MLM contract according to the solicitation criteria – is similarly moot. That contract has been terminated, making any reevaluation of its award a futile exercise. Furthermore, even if viewed with respect to the new solicitation, that request for injunctive relief is essentially a request that the Government act in good faith in reviewing JEM's bid proposal.

As a matter of law, however, this Court must presume that the Postal Service will act in good faith. A presumption to the contrary cannot form the basis for this Court's continued jurisdiction. JEM's request that its bid for the now-terminated MLM contract be reevaluated is, in any event, divorced from reality. There is no evidence that the other parties that previously submitted bids for the contract would agree to reopen their bids now at the same price and terms as set forth in their December 2007 bids, and it would be fundamentally unfair for the Postal Service to review JEM's bid alone, apart from a reevaluation of the other bids it received.

Fourth, JEM's request for bid proposal costs and attorney fees do not present a cognizable claim. JEM is not entitled to bid preparation costs because the MLM contract has been cancelled and claims with respect to that contract are now moot. Moreover, JEM is not a "prevailing party," and thus cannot obtain attorneys fees. Nor would it be proper, as a matter of law, for this Court to maintain JEM's action for the purpose of awarding it attorneys fees and bid proposal costs. See Chapman Law Firm Co. v. United States, 490 F.3d 934, 939 (Fed. Cir. 2007).

Thus, as the Court of Appeals for the Federal Circuit instructs, given that the questions originally in controversy between the parties are no longer at issue, this case should be dismissed. Id.

## STATEMENT OF THE CASE

### I. The Postal Service's Solicitation And Award Of The Contract

#### A. The Solicitation

On November 30, 2007, the Postal Service issued solicitation number 300-46-08, requesting proposals for a contract, HCR 331M8 ("the Contract"), for the land transportation of mail between the Postal Service's Processing and Distribution Centers in Miami, Florida, and

West Palm Beach, Florida, from February 2, 2008 until March 31, 2011. AR 32-161; Compl. ¶ 11.

[redacted] suppliers submitted proposals in response to the solicitation: JEM[redacted], MLM,[redacted]. AR 26, 162-284.

Although the contracting officer, Bobby L. Mays, was to consider price factors as more important than performance evaluation factors in analyzing which bid proposal provided the "best value" to the Postal Service, he was also required to factor performance evaluation factors – schedule, equipment, supplier capability, and past performance – into his analysis. AR 127. An attachment to the solicitation provided that "[t]he Postal Service may reject any or all offers (if such action is in the best interest of the Postal Service), accept other than the lowest offer, and waive informalities and minor irregularities in offers received." AR 124.

After reviewing the documentation provided by the offerors, Mr. Mays rejected [redacted], for failing to meet threshold bidding requirements. AR 286, AR 417-424. Mr. Mays then set out to evaluate the remaining [redacted] offers. AR 26, 332.

As a tool to assist in his evaluation of the offers, Mr. Mays estimated a reasonable budget for the Contract. This estimated budget is referred to as the "scratch build." <u>See</u> AR 425-430. In reviewing the various offerors' price proposals to determine if they were capable of performing the Contract at their bid price, Mr. Mays allowed for a market-tolerance variation range of plus or minus 12 percent from the scratch build. AR 292, 336, 380.

Mr. Mays used other tools "to ensure that [he] was not imposing [his] personal views, in an unwarranted manner" in his analysis of the bids. AR 289, 384. First, for comparative purposes only, he obtained bids from three other suppliers whom he knew to be reliable. AR 289, 384, 883-896. Reviewing these bids gave Mr. Mays a baseline for comparing the fuel efficiency (miles per gallon) predicted by the offerors and the number of contingency hours needed for unforeseen circumstances, above and beyond the scheduled hours, built into the offerors' proposals. AR 289.

Second, Mr. Mays reviewed existing cost statements from other Post Service suppliers "performing contracts requiring the use of similar equipment and similar annual hours." AR 289, 384, 1697-1799. Reviewing these statements allowed him to determine the average miles per gallon fuel efficiencies for vehicles performing other contracts. AR 289.

### B. The Contracting Officer's Determination That JEM Was Incapable And The Award Of The Contract To MLM

After reviewing JEM's initial submissions plus additional information and documents that JEM provided, AR 163-186 and 337-378, Mr. Mays found that the Postal Service could not award the Contract to JEM. Despite the fact that JEM [redacted], Mr. Mays believed that JEM was [redacted]. AR 333, 334; Compl. ¶ 17. His conclusion was based upon [redacted] concerns about JEM's offer: [redacted] AR 332-333; Compl. ¶ 16.

In addition to these [redacted] concerns, Mr. Mays was concerned that [redacted]. AR 336. JEM's bid was [redacted] AR 336. That is, JEM's bid was [redacted]. AR 336. Although JEM contended that it was willing to [redacted] Mr. Mays rejected JEM's bid because [redacted]. AR 334, 336, 338.

Mr. Mays also rejected [redacted] bid proposal (A187-198, 388-410). Mr. Mays determined that [redacted] offer was [redacted] because [redacted], [redacted]." AR 379, AR 1695.

After reviewing MLM's initial submissions and additional information that it later provided, AR 246-259, 293-331, Mr. Mays found that MLM was a capable offeror. AR 286. Because he found that MLM was capable [redacted] Mr. Mays found that MLM's offer presented the best value to the Postal Service, and he awarded the Contract to MLM. AR 286.

## II. <u>JEM's Protest</u>

After the award of the contract to MLM, JEM filed a protest with Mr. Mays. Compl. ¶ 18. Mr. Mays upheld his award of the contract to MLM over JEM's arguments. <u>Id.</u>

Next, following the Postal Service's disagreement resolution process, JEM filed its protest with the Postal Service's Supplier Disagreement Resolution Officer ("SDRO"). <u>Id.</u> After

reviewing JEM's arguments and relevant documents, the SDRO issued a decision on May 9, 2008, addressing each of JEM's objections. The SDRO, whose decision is "final and binding" for administrative purposes, 39 C.F.R. § 601.108(g), determined that Mr. Mays correctly decided that MLM provided the Postal Service with the best value, and he sustained the award of the Contract to JEM. Id. JEM's bid protest in this Court followed.

## III. The Postal Service's Termination With Notice And Upcoming Resolicitation

On July 9, 2008, Mr. Mays provided a 60-day written notice to MLM that the Postal Service was going to terminate the Contract. See Ex. A, Decl. of Bobby L. Mays (July 9, 2008) at ¶ 3 & Ex. 1; AR 118 at § 2.3.3.a. Pursuant to the "Termination with Notice" clause of the Contract, the Postal Service is entitled to terminate the Contract at any time "without cost to either party" so long as it provides 60 days written notice. AR 118 at § 2.3.3.a. The Contract was not terminated as a result of any performance issues with MLM (id. at Ex. 1), nor was it terminated as a result of any concession of liability on the part of the Postal Service to JEM. Instead, it was a unilateral and voluntary action of the Postal Service.

At the same time, the Postal Service resolved, unilaterally and voluntarily, to resolicit bids to service the route currently served by the Contract. Ex. A, Decl. of Bobby L. Mays (July 9, 2008) at ¶ 4. Resoliciting the Contract here provides the Postal Service with a reasonable, business-like, and cost-effective course of action given JEM's bid protest. The Postal Service has agreed to withhold its solicitation of bids for the contract until after July 25, 2008, in accordance with this Court's request. See Ex. B, Hearing Tr. (July 10, 2008) at 29-30. JEM, of course, will be permitted to submit a proposal for the upcoming resolicitation upon the same terms as other offerors. Id. at ¶ 5.

## ARGUMENT

### I. Standard Of Review

#### A. Limited Review Of Post-Award Bid Protests

The Tucker Act supplies the Court's jurisdiction to entertain post-award bid protest actions. 28 U.S.C. § 1491(b)(1). The scope of review of procurement actions is "extremely limited." RADVA Corp. v. United States, 17 Cl. Ct. 812, 818 (1989), aff'd, 914 F.2d 271 (Fed. Cir. 1990) (table) (quoting CACI Field Serv., Inc. v. United States, 13 Cl. Ct. 718, 725 (1987), aff'd, 854 F.2d 464 (Fed. Cir. 1988) (table)); accord Prineville Sawmill Co., Inc. v. United States, 859 F.2d 905, 909 (Fed. Cir. 1988); NFK Eng'g, Inc. v. United States, 805 F.2d 372, 376 (Fed. Cir. 1986).

#### B. Mootness

According to the plain language of the statute, this Court may award declaratory or injunctive relief to a party objecting to a "solicitation," a "proposed award" or "the award of a contract." 28 U.S.C. § 1491(b)(1) & (2). However, "federal courts do not sit to render advisory opinions." Fina Oil & Chemical Co. v. Ewen, 123 F.3d 1466, 1470 (Fed. Cir. 1997). As a result, even where declaratory relief is sought, "an actual controversy between the parties" is required "before a federal court may exercise jurisdiction." Id. (explaining that declaratory relief is available "only when the situation has progressed to an actual controversy, as required by Article III of the Constitution"); see also Powell v. McCormack, 395 U.S. 486, 496 n.7 (1969) (the power of the judiciary "extends only to cases or controversies"); Ryan v. United States, 71 Fed. Cl. 740, 742 (2006) (the Court of Federal Claims applies the case or controversy requirement of Article III).

Because of the case or controversy requirement, courts lack jurisdiction to consider the merits of a moot case. Ryan, 71 Fed. Cl. at 742 (citing Powell, 395 U.S. at 496 n.7). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell, 395 U.S. at 496 n.7; accord Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1019 n.3 (Fed. Cir. 2005); Lion Raisins, Inc. v. United States, 69 Fed. Cl. 32, 36 (2005) (dismissing claims on ground of mootness in bid protest context). Put another way, a case is moot if (1) "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur;" and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Chapman, 490 F.3d at 940 (citations omitted). In the context of a bid protest, if the "revised corrective action adequately addressed the effects of the challenged action, and the Court of Federal Claims ha[s] no reasonable expectation that the action would recur," the Court should dismiss the case as moot. Id.

## II. JEM's Complaint Should Be Dismissed

### A. The Claims Raised In JEM's Complaint Are Now Moot

By moving to terminate the Contract with notice and resolicit the contract, the Postal Service has provided JEM with all of the cognizable relief sought in its complaint. Specifically, JEM sought: 1) a declaration that the Contract was awarded to MLM "contrary to applicable law and the Solicitation;" 2) an injunction ordering the suspension of the Contract within 60 days; 3) an injunction ordering the termination of the Contract within 60 days; 4) an injunction directing the Postal Service "to award the Contract in accordance with the evaluation criteria stated in the Solicitation;" and, 5) an award of attorneys fees and expenses to JEM. Compl. at 14.

**1. JEM's Request For The Suspension And Termination Of The Contract Is Moot**

The Postal Service terminated the Contract with an effective termination date of September 12, 2008. See Ex. A, Decl. of Bobby L. Mays (July 9, 2008) at ¶ 3 & Ex. 1; AR 118 at § 2.3.3.a. This action renders moot JEM's requests for the suspension and termination of the Contract within 60 days.

**2. JEM's Request For Declaratory Relief Fails Because The Court Is Not Empowered To Offer Hypothetical Opinions Without Practical Effect**

JEM's request for a declaration that the award to MLM was "contrary to applicable law and the Solicitation" is merely a request for declaratory relief where there is no existing case or controversy. This Court may not opine upon such a matter. See CCL Service Corp. v. United States, 43 Fed. Cl. 680, 688 (1999) ("Federal Courts are permitted only to entertain matters in which there is a 'live' justiciable issue," and stating that, if there is no possibility of the alleged improper action recurring, then the case is moot) (citing Northrop Corp. v. United States, 27 Fed. Cl. 795, 800 n. 4 (1993)). Indeed, now that the Postal Service has provided JEM with all of the practical relief sought in its complaint, JEM's request for declaratory relief is merely hypothetical and, even if granted, could have no conceivable effect.

In LABAT-Anderson, Inc. v. United States, 65 Fed. Cl. 570 (2005), this Court dismissed a plaintiff's request for declaratory relief pertaining to an expired contract, recognizing that "A declaratory judgment that the Government was in violation of its own procurement statute and regulations would have no practical effect. It would be an academic exercise." Id. at 576 (citing PGBA, LLC v. United States, 389 F.3d 1219, 1228 (Fed. Cir. 2004)). Thus, here, as in LABAT, any award of the declaratory relief sought by JEM here is beyond this Court's "authority to issue

declaratory relief because in these circumstances such a judgment would be tantamount to issuing an advisory opinion." LABAT, 65 Fed. Cl. at 576; see also CCL Service Corp., 43 Fed. Cl. at 690 ("Cancellation of the solicitation also moots any question regarding the propriety of the award").

**3. JEM's Request For Injunctive Relief Is Moot**

JEM's request for injunctive relief asking that this Court direct the Postal Service "to award the Contract in accordance with the evaluation criteria stated in the Solicitation" is also moot. The contract at issue has been terminated with notice by the Postal Service, a contractual right that the Postal Service has always possessed. See AR 118, Clause 2.3.3.a. Thus, reevaluation of bids for a contract which has been terminated is a futile exercise.

Apart from the fact that the requested injunctive relief is moot, the request fails because it is tantamount to a request that the Court issue an order requiring that the Postal Service act in good faith in reviewing JEM's bid proposal. Given the Postal Service's voluntary action in resoliciting the bids, this Court is "required to assume that the Government would carry out the corrective action in good faith." Chapman, 490 F.3d at 940 (citing T&M Distributors, Inc. v. United States, 185 F.3d 1279, 1285 (Fed. Cir. 1999)) (emphasis added). As the Court of Appeals for the Federal Circuit held in T&M Distributors, "government officials are presumed to act in good faith, and 'it requires "well-nigh irrefragable proof" to induce the court to abandon the presumption of good faith.'" T&M Distributors, 185 F.3d at 1285 (quoting Kalvar Corp. v. United States, 211 Ct. Cl. 192, 543 F.2d 1298, 1301-02 (Ct. Cl. 1976));[1] see also Bannum, Inc. v.

[1] In Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234 (Fed. Cir. 2002), the Federal Circuit clarified that a party must meet the "clear and convincing" burden of proof to show that the Government acted in bad faith. Id. at 1239-40.

United States, 56 Fed. Cl. 453, 458 (2003) (presumption of good faith). Thus, it would be improper for this Court to entertain JEM's request for injunctive relief merely to ensure that which it is required to assume as a matter of law: that the Postal Service will act in good faith in reviewing the bids for the Contract.

As this Court explained in CW Government Travel, Inc. v. United States, 46 Fed. Cl. 554 (2000), "[i]n withdrawing the RFP and re-opening the procurement, the Navy has provided the best remedy for Carlson's concerns that could be provided by this court. . . . Defendant's cancellation of the solicitation, far from indicating 'bad faith,' as plaintiff alleges, represents a commendable and salutary government willingness to accommodate the concerns of plaintiff (and perhaps other potential bidders). . . . Should the new solicitation *not* satisfactorily address plaintiff's (or others') concerns, plaintiff (or others) may, of course, challenge the new solicitation." CW Government, 46 Fed. Cl. at 559.

Moreover, the request for a reevaluation of the award of the contract fails because it is fundamentally impractical. The bids for the contract were submitted to the Postal Service in December 2007. See, e.g., AR 163, AR 187, AR 205, AR 216; Compl. ¶ 13. There is no basis for the assumption that all of the other parties who submitted bids would agree to re-offer their bids at the same terms and price, or that those parties are available and interested in bidding at this time.

Furthermore, JEM's suggestion during the status conference that the Postal Service should only reevaluate JEM's prior bid is, on its face, fundamentally unfair to the other bidders. Ex. B, Hearing Tr. (July 10, 2008) at 16 ("we are in a situation where the Postal Service really only needs to reevaluate one offer, which is that of JEM Transport"). If any aspect of the bid

review criteria is reevaluated, it is only fair that the reevaluation apply to all [redacted] viable bid proposals, especially given that the award was made on a relative basis between the competing bids.

Moreover, JEM's request that the Postal Service only review JEM's bid is essentially a request that the Court direct the award to JEM. As is well-settled, this Court lacks the authority to command an agency to select a particular bidder in a bid protest contest. See CCL Service Corp., 43 Fed. Cl. at 688 (citing Durable Metals Prods., Inc. v. United States, 27 Fed. Cl. 472, 476, aff'd, 11 F.3d 1071 (Fed. Cir. 1993)).

**4. JEM Has No Cognizable Claim For Attorney Fees And Bid Proposal Costs**

**a. JEM Has No Cognizable Claim For Bid Proposal Costs**

JEM's claim for bid proposal costs is also moot. Once an agency issues a new solicitation, effectively offering all interested parties another unbridled opportunity to make offers, bid and proposal costs are not recoverable. See Lion Raisins, 69 Fed. Cl. at 36. As this Court has recognized, "[B]ecause the original contract and solicitation at issue here were cancelled, there is no matter before the court for resolution upon which [plaintiff] can base its claim for bid preparation and proposal costs." S.K.J & Assoc., Inc. v. United States, 67 Fed. Cl. 218, 228 (2005).

Moreover, JEM's claim for bid proposal costs cannot, itself, be the basis for this Court's disposal of the case. This Court has previously refused to consider a party's possible entitlement to bid and proposal costs in determining how to dispose of a bid protest action. In CCL Service Corp., 43 Fed. Cl. at 689-90, the Court determined that the case had been rendered moot by an

agency's corrective action, and refused to enter a decision on the merits despite the fact that such a decision would have been necessary to permit the plaintiff to obtain its bid preparation costs. The Court stated, "[t]he absence of a contest to the cancellation of the solicitation [the corrective action] is a bar to resolving a critical issue on the merits. Because a decision on the merits is a prerequisite to an award of bid preparation and proposal costs . . . the [C]ourt is unable to grant any further relief." Id. at 691-92 (citation omitted).

**b. JEM Has No Cognizable Claim For Attorneys Fees**

Similarly, now that the contract has been terminated, JEM cannot demonstrate that it is the prevailing party in this matter, a prerequisite for obtaining attorneys fees (as well as bid proposal costs). See PRC, Inc. v. Widnall, 64 F.3d 644, 647 (Fed. Cir. 1995); Ryan v. United States, 75 Fed. Cl. 769, 777-78 (2007) (citing Buckhannon Bd. and Care Home Inc. v. W. Virginia Dep't of Health and Human Resources, 532 U.S. 598, 601 (2001)); CCL Service Corp., 43 Fed. Cl. at 691-92; Spehr v. United States, 51 Fed. Cl. 69, 94 (2001). To demonstrate that it is a "prevailing party," an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those. Rice Services, 405 F.3d at 1025. Given the mootness of JEM's claims, JEM cannot obtain such an enforceable judgment on the merits.

Moreover, "an interest in attorney fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990). Rather, as the United States Supreme Court warned, "reasonable caution is needed to be sure that mooted litigation is not pressed forward, and

unnecessary judicial pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs." Lewis, 494 U.S. at 480.

The decision of the Federal Circuit in Chapman, 490 F.3d 934, offers further instruction. In Chapman, following the agency's undertaking of voluntary corrective action in response to a bid protest action, the Government filed a motion to dismiss. Id. at 937. Rather than granting the motion to dismiss, the trial court entered judgment in favor of the protestors, finding that they were catalysts who were "'instrumental in achieving the final outcome,'" while noting that granting the Government's motion to dismiss might limit the plaintiffs' ability to recover attorney fees. Id.

In reversing the trial court, the Federal Circuit recognized that a plaintiff who obtains voluntary relief from a defendant is not considered a prevailing party entitled to attorney fees. Chapman, 490 F.3d at 939 (citing Buckhannon, 532 U.S. at 605). Moreover, the Federal Circuit expressly noted that the availability of attorney fees is not an appropriate consideration for a court when it determines how to dispose of a case:

> When, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed.

Id.

Because the Contract here has been terminated and the Postal Service will resolicit the contract, there is no remaining basis for JEM's claim for attorneys fees. See e.g., Ryan, 75 Fed. Cl. at 776-78) (citing Buckhannon, and denying plaintiffs request for EAJA fees where the case was moot and plaintiff was not the prevailing party).

Indeed, JEM's claim for injunctive relief and bid and proposal costs and attorney fees appears to be merely an attempt to avoid the Federal Circuit's unequivocal rejection of the "catalyst theory." In Rice, the Federal Circuit explained that, when an agency unilaterally and voluntarily initiates a reevaluation of bids, even after some performance has occurred and the plaintiff has filed its brief upon the merits, that action removes the Court's ability to alter the legal relationship between the parties. Rice, 405 F.3d at 1027-28; accord Chapman, 490 F.3d at 939. In other words, agencies are permitted to take voluntary actions in response to a lawsuit and such actions do not create a prevailing party unless the Court has imposed its judicial imprimatur upon the parties and changed the legal relationship between the parties. Here, even if the Court were to issue declaratory relief, it would not change the legal relationship between the parties because declaratory relief, in and of itself, does not have any practical effect. Therefore, JEM cannot claim prevailing party status.

Finally, JEM's discussion of its attorneys fees is, in any event, premature. The Equal Access to Justice Act ("EAJA") provides that a party seeking an award of fees and other expenses shall, "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award." 28 U.S.C. § 2412(d)(1)(B). Section 2412(d)(2)(G) defines "final judgment" as a "judgment that is final and not appealable, and includes an order of settlement." The Supreme Court has held that "the 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (emphasis added). Accordingly, only some time after the disposition of the case has already taken place may a party even raise the question of its entitlement to EAJA fees; considering the question of

that entitlement in determining how to dispose of the action is inappropriate under the statutory scheme, and is premature.

**B. JEM's Complaint Should Be Dismissed**

Because the relief sought by JEM is now moot, its complaint must now be dismissed. As this Court held in another case recently brought by a plaintiff (also represented by counsel for JEM) against the Postal Service, the Postal Service's voluntary actions undertaking the relief requested in plaintiff's complaint renders plaintiff's complaint moot, including plaintiffs request for declaratory and injunctive relief. See Ex. C, Fox v. United States, No. 08-465C, Order (July 3, 2008);[2] see also Deakins v. Monaghan, 484 U.S. 193, 201 n.5 (1988) (no jurisdiction if case moot); Chapman, 490 F.3d at 939-40 (finding that the questions originally in controversy between the parties were no longer at issue after the Government agency decided to take reasonable corrective action); Rice, 405 F.3d at 1019, 1027 (Fed. Cir. 2005) (recognizing the trial court's finding that the case had become "essentially moot" because the relief requested by the plaintiff was substantially, voluntarily afforded by the agency).

---

[2] During the status conference, counsel for plaintiff attempted to define away the applicability of the Fox holding to this case by arguing that the facts in Fox are distinguishable from those found here. Ex. B, Hearing Tr. (July 10, 2008) at 24-26. Here, however, as in the Fox case, plaintiff sought an order declaring that the Postal Service acted improperly. Compare Fox Order, Ex. 2 at 2 ("Plaintiff seeks an order declaring that the USPS acted improperly in soliciting plaintiff's employees . . .") with Compl. at 14 ¶1 (JEM seeking a declaration that the contract was awarded contrary to law). Moreover, here, as in the Fox case, the plaintiff sought an order seeking to enjoin the Postal Service in its review of the bids at issue. Compare Fox Order, Ex. 2 at 2 ("Plaintiff also seeks an order enjoining USPS from excluding plaintiff's participation in a future procurement. . . "), with Compl. at 14 ¶ 4 (JEM seeking an injunction directing the Postal service to award the Contract in accordance with the evaluation criteria). Accordingly, here, as in the Fox case, this Court should reject the plaintiff's request to retain jurisdiction to address declaratory and injunctive relief mooted by the voluntary action of the Postal Service.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant our motion and dismiss JEM's complaint.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 353-7972
Fax: (202) 514-8640
John.Roberson@usdoj.gov

Attorneys for Defendant

Of Counsel:

MICHELLE A. WINDMUELLER
Appellate Attorney
United States Postal Service
Office of General Counsel
475 L'Enfant Plaza SW, Room 6403
Washington, DC 20260
Tel: (202) 268-2064
Fax: (202) 268-2049
Michelle.A.Windmueller@usps.gov

July 17, 2008

CERTIFICATE OF FILING

I hereby certify that on this 28th day of July, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS - REDACTED VERSION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Department of Justice