# Exhibit A

Protected Information To Be Disclosed Only In Accordance With
the United States Court Of Federal Claims Protective Order

## DECLARATION OF BOBBY L. MAYS

I, Bobby L. Mays, under the provisions of 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following statements are true and correct, to the best of my knowledge and belief. I have personal knowledge of the facts set forth in this declaration.

1. I have been employed by the U.S. Postal Service since December 10, 1973. I have worked for the last five and a half years in the Distribution Networks Office located in Memphis, Tennessee. During that time, I have held the position of Manager of Transportation Contracts. I have been vested with contracting authority through a contracting officer's warrant since 1996.

2. I am the contracting officer for contract HCR 331M8, which is a contract for the transportation of mail between the Processing and Distribution Center in Miami, Florida, and the Processing and Distribution Center in West Palm Beach, Florida. MLM Trucking Inc. ("MLM") currently holds this contract, which was originally scheduled to expire on March 31, 2011.

3. Acting on behalf of the Postal Service, today, July 9, 2008, I have terminated contract HCR 331M8 upon written notice to MLM, as provided for in the terms and conditions of contract HCR 331M8. (AR 118, Clause 2.3.3.a.). The new expiration date for contract HCR 331M8 is September 12, 2008. Ex. 1, letter from Bobby Mays, dated July 9, 2008, to MLM and accompanying Postal Service Form 7440.

4. On behalf of the Postal Service, my office will soon issue a solicitation for a contract to service the route currently served by contract HCR

331M8. I anticipate that the process of soliciting, evaluating, and awarding that contract will be complete by September 12, 2008.

5. JEM Transport, Inc. will be permitted to submit a proposal for the upcoming solicitation upon the same terms as other offerors. It may do so by requesting a solicitation package from my office, preparing a proposal, and submitting that proposal to my office by the close of the solicitation period.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Bobby L. Mays
Date: 9 Jul 08

# Exhibit 1

MANAGER, TRANSPORTATION CONTRACTS
SOUTHEAST AREA OPERATIONS

UNITED STATES
POSTAL SERVICE

**July 9, 2008**

**Express Mail: EM 248644420 US**

MLM Trucking Inc.
16252NW 14 CT
Pembroke Pines, FL 33028-1217

**Ref: Termination of Notice HCR 331M8**

Dear Supplier,

This letter is in reference to my conversation with you by telephone on July 8, 2008.

Accordingly, you are hereby informed that in accordance with Clause 2.3.3a, Termination with Notice, HCR 331M8 will be terminated effective **COB 12-Sep-08.** This termination action is not connected to any performance issues on your part.

Sincerely,

Bobby L Mays, Manager
Transportation Contracts

CC: TANS Manager, Miami P&DC

225 N HUMPHREYS BLVD SUITE 4126
MEMPHIS, TN 38166-7071
901-747-7309
FAX 901-747-7420

UNITED STATES POSTAL SERVICE®

# CONTRACT ROUTE SERVICE ORDER

1. CONTRACT RATE

OLD: NO

NEW: CHANGE

| 2. CONTRACT NO. | 3. BEGIN CONTRACT TERM | 4. END CONTRACT TERM |
|---|---|---|
| 331M8 | 02/02/2008 | 09/12/2008 |

| 5. FOR MAIL SERVICE IN OR BETWEEN | CITY & STATE | CITY & STATE |
|---|---|---|
| | MIAMI P&DC, FL | WEST PALM BEACH P&DC, FL |

6. NAME AND ADDRESS OF SUPPLIER

MLM TRUCKING INC
16252 NW 14 CT
PEMBROKE PINES FL 33028-1217

7. THIS SPACE FOR ASC USE ONLY

8. THE FOLLOWING ORDER IS HEREBY ISSUED

TERMINATION FOR CONVENIENCE - REGULAR TRANSPORTATION SERVICE

Effective close of business 09/12/2008, this contract is terminated pursuant to the Termination For Convenience clause.

Issue supplier a lump sum payment of $.00 as indemnity pursuant to the Changes clause.

Terms and conditions, issue four;
2.3.3a Termination with Notice, states "The contracting officer or the supplier, on 60 days written notice, may terminate this contract or the right to perform under it, in whole or in part, without cost to either party".

Service on this Highway Contract Route will be protected by solicitation 300-467-08

9. SIGNATURE OF CONTRACTING OFFICER

[signature]

11. TITLE OF CONTRACTING OFFICER

MGR. TRANSPORTATION CONTRACTS

12. ADDRESS OF CONTRACTING OFFICER

SOUTHEAST DNO
225 N HUMPHREYS BLVD STE 4126
MEMPHIS TN 38166-7071

10. DISTRIBUTION

1 - Contracting Officer
2 - Accounting Service Center
3 - Administrative Official
4 - Supplier
5 - P&DC/F
6 - Customer Service District
7 - En Route Offices

| 13a. DATE ORDERED | b. ORDER NO. | c. ROUTE ORDER NO. | d. BUDGET ACCOUNT NO. | e. FINANCE NO. |
|---|---|---|---|---|
| 8 Jul 08 | 300-13336-08 | 2 | 53614 | 11-5851 |

PS Form 7440
September 2001

# PS FORM 7440 - CONTINUATION SHEET

CONTRACT NO. 331M8 MIAMI P&DC, FL TO WEST PALM BEACH P&DC, FL

EFFECTIVE DATE 09/12/2008 ORDER NO. 300-13336-08

SPECIAL RATE INFORMATION

| COST SEG | DESCRIPTION | BEGIN DATE | END DATE | OLD SPECIAL RATE | NEW SPECIAL RATE | FINANCE NUMBER | BUDGET ACCOUNT NUMBER |
|---|---|---|---|---|---|---|---|
| A | LATE SLIP - HIRED DRIVER RATE | 02/02/2008 | 09/12/2008 | 26.78566 | $26.78566 | 11-5851 | 53138 |

# Exhibit B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JEM TRANSPORT, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| | ) Docket No. 08-428C |
| Defendant, | ) |
| and | ) |
| MLM TRUCKING, INC., | ) |
| Defendant-Intervenor. | ) |

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on July 15, 2008.)

APPEARANCES: (Via Telephone)

For the Plaintiff:

CLAUDE P. GODDARD, JR., Esquire
DAVID P. HENDEL, Esquire
Akerman Senterfitt
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182-2683
(703) 790-8750

APPEARANCES: (Cont'd)

For the Defendant:

JOHN ROBERSON, Esquire
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

For the United States Postal Service:

MICHELLE WINDMUELLER, Esquire
STEVE LOBAUGH, Esquire

For the Defendant-Intervenor:

CHRISTOPHER SHARP, Esquire

MR. GODDARD: The irreparable harm was the denial of a fair opportunity to compete for bid procurement, and the only way that can be remedied is to go back to the status quo ante, which is to reevaluate the existing offers and make an award based on what the solicitation required, which --

THE COURT: But does that -- excuse me. Does that make sense, though? Doesn't that assume that the offerors who submitted offers at a much earlier point in time are still prepared to perform the contract should it be awarded?

MR. GODDARD: If I can address that issue?

THE COURT: Certainly.

MR. GODDARD: First of all, the Postal Service disqualified four of the offers for failing to comply with certificates of independent pricing, and we are in a situation where the Postal Service really only needs to reevaluate one offer, which is that of JEM Transport, because they are the ones who got denied the fair opportunity. Nobody else in here, no other offeror came to the Court to say, we were denied that opportunity. So that is sort of a red herring because the Postal Service just has to go back and reevaluate that one offer.

In addition, if I can address another point,

alluded in the Todd Fox case?

MR. GODDARD: I did not work on that case, Your Honor, but I am aware of it and Mr. Hendel, who is here, was the lead counsel on that case.

THE COURT: Mr. Hendel?

MR. HENDEL: Yes, Your Honor.

THE COURT: To what degree do you agree with Mr. Roberson that the decision by Judge Bruggink in the Todd Fox matter would support the conclusion that the Plaintiff's claims in this case are moot?

MR. HENDEL: Your Honor, that was a very different case. In that case, the Postal Service would not let the plaintiff submit a bid. So when the Postal Service said, okay, we're going to allow you to do it, that alleviated the concern, at least the judge found that. In this case, the protestor JEM has submitted a bid, and the relief we are asking for is fair consideration of it.

In the Todd Fox case, we were excluded from submitting a bid. There was no bid to evaluate. The only recourse would be a resolicitation.

THE COURT: And was the relief that the Postal Service voluntarily granted to permit a bid to be submitted?

MR. HENDEL: The voluntary relief -- and by

the way, in that case, we opposed it on different grounds as it's mooting out the case, which I must tell you that, but in that case, the government extended the incumbent's contract, who was the plaintiff, our client, extended our contract for 90 days and said it would do a resolicitation after that.

THE COURT: So what was the relief your client sought then?

MR. HENDEL: In the Todd Fox case?

THE COURT: Yes. I thought you said the problem in that case was that they were not permitted to submit a bid.

MR. HENDEL: Right. We were the incumbent contractor, and the contract was not renewed, and the Postal Service said, well, since we are not renewing you, we are not going to let you participate in the reprocurement.

THE COURT: And --

MR. HENDEL: And so the resolution, what mooted out the case was the Postal Service said, okay, we are changing our mind on that. We are now going to extend your existing contract for another 90 days, and you will be resolicited. Now, this case is very different. We didn't have a bid in that case. In the Todd Fox case, there was no bid, we weren't allowed to

bid, so there was nothing for -- you know, we weren't asking the court to have the government fairly consider our bid. That wasn't an issue.

In this process, we have submitted a bid, and the relief that we have been asking for is, you don't have to throw everything out. Do a much lesser form of relief, which is just simply fairly evaluate the offers you've got.

THE COURT: Let me suggest that, in light of the discussion that we've had, the Court is of the view that it would be helpful to have, and I presume that this should be done on an expedited basis, a motion to dismiss and an opposition, so that the arguments can be considered more fully and more thoroughly.

If we did that, let me ask Mr. Roberson, what is the presently anticipated schedule for the Postal Service to resolicit?

MR. ROBERSON: I believe that the notion is it's a 60-day termination notice, and that the resolicitation is -- that they anticipate that the solicitation, evaluation and awarding will be complete by September 12.

THE COURT: When would they contemplate putting out the solicitation? Do you know?

can we make it a filing that occurs prior to 5 p.m. Eastern Time?

MR. ROBERSON: Yes.

THE COURT: And similarly, Mr. Goddard, when you respond on Thursday, July 24, if you could do that prior to 5 p.m., that would be most appreciated.

MR. GODDARD: Certainly, Your Honor.

THE COURT: And then we will get together. Are the parties content to deal with this telephonically on the 25th?

MR. ROBERSON: I certainly am, Your Honor.

MR. GODDARD: I would just as soon, if Your Honor is so disposed, to come downtown and do it in person, Your Honor.

THE COURT: Well, why don't we reserve judgment on that, and after I take a look at the filing by Mr. Roberson on the 17th, I will revisit the question of whether we should do this in proper person or by telephone. My instinct is that if counsel for Plaintiff wishes to do this in person, we ought not to preclude that opportunity. Subject to reviewing Mr. Roberson's filing, let's plan on a 2 p.m. here at the courthouse on Friday the 25th.

And Mr. Roberson, I take it the Defendant is prepared to represent that the resolicitation would

not have occurred prior to July 25, so that the Court, if it were to rule in favor of the Plaintiff, would be in a position to grant certain relief to the Plaintiff.

MR. ROBERSON: Correct.

THE COURT: All right. Anything else, gentlemen?

MR. GODDARD: Your Honor, how about the existing briefing schedule?

THE COURT: I guess my inclination, well, I am open to suggestion. What do you think about the existing briefing schedule, Mr. Goddard?

MR. GODDARD: May I have just a moment, Your Honor?

THE COURT: Certainly.

MR. SHARP: Your Honor, from our perspective -- is anyone still in there?

THE COURT: Yes, we are here.

MR. SHARP: Okay, I'll wait until Mr. Goddard comes back, but from MLM's perspective, we prefer to extend the briefing schedule obviously so we can consider briefs from everyone.

MR. GODDARD: I think we are prepared to go ahead and file our papers --

THE COURT: On July 14, which is next Monday

# Exhibit C

# In the United States Court of Federal Claims

No. 08-465C
(Filed: July 3, 2008)

**********************************
TODD FOX,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant,*
**********************************

ORDER

This is an action invoking the court's bid protest jurisdiction under 28 U.S.C. § 1491(b)(1) (2006). For the reasons stated during the telephone conference call on July 1, 2008, the action is dismissed without prejudice. The relief plaintiff seeks is either not within our jurisdiction or has been made moot by defendant's conduct.

Plaintiff currently holds four contracts with the United States Postal Service ("USPS") for the delivery of mail. At the time the complaint was filed they were to expire on June 30, 2008. The complaint alleges that plaintiff was notified that two of his contracts would not be renewed, and that emergency procurement contracts were being solicited for the non-renewed contracts, secretly, from, among others, persons who now work for plaintiff. These emergency contracts were intended to temporarily cover service on routes served by plaintiff's contracts, while defendant solicited for permanent replacement service on these routes. Plaintiff, however, was not contacted to submit a proposal for these emergency contracts. The complaint seeks an order enjoining the emergency contracts and directing defendant to allow plaintiff to participate in any future procurement of the contracts on a fair and equal basis. It also seeks an explanation for why defendant did not contact plaintiff with respect to the emergency contracts and a recision of the decision not to renew his contracts.

During our prior phone conference on June 27, 2008, defendant represented that, contrary to the assumptions underlying the complaint, the USPS would renew plaintiff's contracts through September 30, 2008 and offer him an opportunity to submit a proposal for contracts that service the routes currently

served by his contracts. We ordered the government to submit an affidavit of the contracting officer ("CO"), summarizing the representations made during this phone conference.

On June 30, 2008, defendant filed the affidavit of Bobby L. Mays, the CO for plaintiff's contracts. In his affidavit, Mr. Mays declared that he has offered to extend the two non-renewed contracts, which are scheduled to expire on June 30, 2008, through September 30, 2008. (Mays Aff. ¶ 3.) Plaintiff orally accepted this offer, and Mr. Mays mailed plaintiff the necessary documents to execute that extension. (*Id.*) Mr. Mays also rescinded the solicitations for emergency replacement contracts to cover service on routes served by plaintiff's contracts. (*Id.* at ¶ 4.) Mr. Mays represented that his office soon will issue "solicitations for four-year contracts to service the routes currently served by contracts HCR 299C5 and 299D2." (*Id.* at ¶ 5.) Mr. Mays anticipates that by September 30, 2008 the process of "soliciting, evaluating, and awarding those contracts will be complete." (*Id.*) Plaintiff may submit a proposal for these solicitations on the "same terms as other offers . . . . by requesting solicitation packages . . ., preparing proposals, and submitting those proposals . . . by the close of the solicitation period." (*Id.* at ¶ 6.)

Notwithstanding defendant's representations, plaintiff filed a motion for final judgment. Plaintiff seeks an order declaring that the USPS acted improperly in soliciting plaintiff's employees for the procurement of the non-renewed contracts without notifying plaintiff and in excluding plaintiff from the procurement of these contracts by its determination not to renew them. Plaintiff also seeks an order enjoining USPS from excluding plaintiff's participation in a future procurement or taking any further action under any solicitations issued for the emergency procurement of the contracts, as well as a direction to USPS to allow plaintiff to participate in procurement of his current contracts. The only element of this relief that is arguably not moot is the first item–a declaration that the asserted conduct of the USPS in contacting plaintiff's employees was improper because it potentially jeopardizes plaintiff's relationship with them. We view this as a tort claim unconnected to any pending solicitation and hence beyond our jurisdiction.[1]

The balance of the requested relief is made moot by the decision of the USPS not to obtain interim contracts and to afford plaintiff an opportunity to

---

[1]Under the Tucker Act, the court is specifically precluded from jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1) (granting jurisdiction over various types of cases "not sounding in tort"); *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

submit a proposal for the procurement of contracts that service the routes of his contracts, and there is no need for injunctive relief. We take the USPS's representations at face value and thus tend preemptive declaratory relief unnecessary. The factual assumptions in plaintiff's complaint are thus incorrect. Accordingly, the complaint is dismissed without prejudice on grounds of mootness. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge